Weygandt, C. J.
 

 It is charged that on February 18, 1949, the two defendants were an engineer and
 
 *248
 
 conductor, respectively, in the employ of the Baltimore & Ohio Railroad Company, and that between seven and eight o’clock a. m. they operated an interstate freight train of 87 cars across Este avenue in the city of Cincinnati at a speed of 3 to 5 miles per hour, resulting in a blocking of the street for a period of at least 17 minutes, contrary to the provisions of Section 410-8 of the ordinances of that city.
 

 That ordinance reads as follows:
 

 “Section 410-8. Blocking Street Crossings. It shall be unlawful for any railroad company to operate its locomotives, cars or trains of cars in such manner as to block a street crossing for a period of more than ten minutes. Violations of this section shall be punished according to the penalties of Section 410-13.”
 

 However, the municipality has another ordinance which prohibits the operation of a train over a grade crossing at a speed greater than ten miles per hour. The Court of Appeals considered the two ordinances together. The court likewise indulged in mathematical calculations of its own. It assumed that the average length of a freight car is fifty feet and that hence no freight train consisting of more than 176 cars could pass over a crossing without a violation of either the ten-mile or the ten-minute ordinance. The court then concluded that the effect of the two ordinances constitutes an unlawful interference with interstate commerce in violation of Section 8 of Article I of the Constitution of the United States.
 

 One difficulty with this theory of the Court of Appeals is that a study of the record in these cases discloses no evidence concerning the average length of freight cars or the maximum length of freight trains. The record does show that the train here involved consisted of 87 cars — fewer than half of the number mentioned in the court’s computation. Hence, in view
 
 *249
 
 of the lack of evidence on this point, it cannot be said that the ordinances are invalid as constituting an arbitrary limitation on the length of freight trains engaged in interstate commerce.
 

 However, the Court of Appeals sustained the contention of the municipality that the ie%-minute
 
 blocking operation
 
 ordinance is not in conflict with the state statute, Section 7472, General Code, which prohibits the
 
 unnecessary obstruction
 
 of a highway by permitting a railroad car or locomotive to
 
 remain
 
 on a crossing longer than
 
 five
 
 minutes.
 

 But it becomes unnecessary to decide this question, inasmuch as this court is of the opinion that the ordinance is invalid for a different reason irrespective of whether it is in conflict with the provisions of Section 7472, General Code. The defendants contend that the ordinance constitutes an arbitrary and unreasonable exercise of the police power. This court concurs in that view. The time limitation is absolute and no allowance is made for contingencies wholly beyond the control of the operators of a train. Furthermore, the limitation is absolute irrespective of whether the blocking results in a hindrance or inconvenience to anyone in lawful use of the highway. Each of these difficulties is clearly and carefully avoided in Section 7472, General Code,
 
 supra,
 
 which relates to obstructing a crossing “unnecessarily” and “to the hindrance or inconvenience of travelers, or a person passing along or upon such road or highway.”
 

 The municipality insists that the effect of holding this ordinance invalid is to give railroads a preferred right in city streets and to deny to cities the authority to adopt reasonable regulations for the use of its streets by railroads engaged in interstate commerce. This is not the view of this court or the contention of the defendants. On the contrary, in the third par-graph of the syllabus in the case of Pittsburgh,
 
 Ft.
 
 
 *250
 

 Wayne & Chicago Ry. Co.
 
 v.
 
 Maurer,
 
 21 Ohio St., 421, this court held:
 

 “3. The right of a railroad company .to enjoy the use of its road at the crossing of a common highway, and the right of the traveling public to use the highway, are co-ordinate and equal. Reasonable care and prudence must be exercised by each, in the use of the crossing, so as not to interfere unnecessarily with the other. ’ ’
 

 Furthermore, these defendants do not dispute the authority of a municipality to adopt regulations for the use of its streets by railroads, if such provisions are reasonable and not in conflict with a valid statute.
 

 In the instant case, the provisions of the ordinance being arbitrary and unreasonable and hence invalid, the Court of Appeals properly discharged the defendants.
 

 Judgments affirmed.
 

 Matthias, Hart, Zimmerman, Stewart and Taft, JJ., concur.