Weygandt, C. J.
The case was tried on an agreed statement of facts.
Main Street in the city of Bellevue extends in an easterly and westerly direction for a distance of approximately two miles. It is a four-lane concrete highway with two eastbound lanes and two westbound.
The pertinent municipal ordinance reads as follows:
“Section 1. That all heavy trucks, as hereinafter defined, using U. S. Route No. 20, aka Main Street, within the corporate limits of the city of Bellevue, Ohio, must follow and stay in the extreme right lane of said street while traveling on said street, and the passing or overtaking of another motor vehicle by said heavy trucks at any time or place on said streets be and the same is hereby prohibited.
“Section 2. That for the purposes of definition the term of heavy trucks as herein used shall include all trucks other than pickup and panel delivery trucks.”
On October 15, 1953, the defendant operated his empty so-called haulaway truck in a westerly direction behind two other moving trucks in the extreme right lane of Main Street. He *525 ascertained that he could pass the two trucks safely, and then properly signalled his intention to do so. He steered his own truck into the left westbound lane and safely passed the other two vehicles. He then resumed his course in the right lane. It is agreed that ha violated no law except the quoted ordinance, but he was arrested and convicted.
The defendant contends that the ordinance is invalid for several reasons.
First, he maintains that the provisions of the ordinance are absolute, arbitrary, unreasonable and discriminatory and hence constitute an improper and invalid exercise of the police power.
This court finds no difficulty in concurring in that view. While the purpose in adopting the ordinance undoubtedly was commendable, a study of its terms discloses that, instead of facilitating safe vehicular traffic through the city, they obviously can be the means of not only interfering with it but stopping it completely in two of the four existing lanes. By its terms the ordinance is absolute in its effect. No provision is made for the common occurrence of a parked vehicle or a disabled one or other obstruction or even an excavation in that lane. Counsel for the municipality suggests that in such eventualities the ordinance would not be enforced. Whether the ordinance would or would not be enforced is immaterial. The question is what the plain terms of the ordinance require.
In the ease of City of Cincinnati v. Correll, 141 Ohio St., 535, 49 N. E. (2d), 412, this court held that a municipal ordinance “must not be arbitrary, discriminatory, capricious or unreasonable and must bear a real and substantial relation to the health, safety, morals or general welfare of the public. ’ ’
In the second paragraph of the syllabus in the case of City of Cincinnati v. Luckey, 153 Ohio St., 247, 91 N. E. (2d), 477, this court held:
“2. An ordinance absolutely prohibiting a railroad company from blocking a city street by a train for a period of more than ten minutes irrespective of contingencies wholly beyond the company’s control is arbitrary and unreasonable and hence invalid.”
Inasmuch as the instant ordinance fails to meet the neces *526 sáry test of reasonableness, the further contentions of the defendant need not be discussed.
The judgment of conviction is reversed and the defendant is discharged.

Judgment reversed.

Matthias, Hart, Zimmerman, Stewart, Bell and Taet, JJ., concur.