CITY OF NILES, APPELLEE, *v.* DRUMMOND, APPELLANT.

[Cite as Niles v. Drummond, 12 Ohio App. 2d 209.]

(No. 1780—Decided December 27, 1967.)

*Mr. Mitchell F. Shaker,* city solicitor, for appellee.

*Messrs. Hoppe, Day & Ford* and *Mr. Donald P. Greiwe,* for appellant.

YOUNGER, J. This is an appeal on questions of law from a finding of guilty and sentence of the defendant by the Niles Municipal Court after trial without a jury for an alleged violation of Niles City Ordinance No. 9448.

On April 6, 1967, Niles enacted Ordinance No. 9448, Section 1 of which reads as follows:

"That from and after the effective date of this ordinance, the running and idling of railroad engines for a period longer than ten (10) minutes when said engines are not engaged in moving or switching cars or proceeding to or from said activity is prohibited."

Section II of the ordinance provides for a fine and/or imprisonment up to $100 and 15 days for the first offense, and $300 and 30 days for any subsequent offense. This ordinance was enacted as an emergency measure.

Defendant is employed as an engineer by the Erie-Lackawanna Railroad Company which owns and operates a freight yard in Niles.

The record discloses that this freight yard has been in operation since 1853. It contains a number of side tracks, local tracks, storage tracks and the main line of the railroad. By the Niles zoning ordinance, in 1949 the yard and surrounding area was zoned "Heavy Manufacturing District." The yard (1) performs switching operations for cars bound to and from Niles, (2) serves as a storage point for cars until they are ordered in Niles industries, (3) serves as a make-up point for local service trains, and (4) performs inter-railroad company switching services, to cars arriving from and destined to points all over the country. The yard services 16 industrial concerns in Niles and handles some 4,000 railroad cars over a three-month period. It operates Monday through Friday from 9 a. m. to 6-8:30 p. m., depending on the demand for service. One yard engine is used exclusively at the Republic Steel Company plant, while another engine is operated at the yard. Both engines are parked at night at the end of the so-called "furnace scale track," near water, fuel and other maintenance facilities.

The record further discloses that it is normal operating procedure to permit railroad engines to idle when not in use whenever the temperature drops to 40° F or below, and the defendant testified that if he were compelled to shut these engines down six or seven times a day the engine battery would go dead, with no immediately available means for restarting the engine.

The defendant was arrested on June 13, 1967, and was charged with permitting his engine to idle for a period longer than ten minutes when such engine was not engaged in moving or switching cars or proceeding to or from said activity.

The defendant contends that the ordinance constitutes an arbitrary and unreasonable exercise of the police power, and this court concurs in that view.

The time limitation is absolute, and no allowance is made for contingencies wholly beyond the control of the operator of the engine. Furthermore, the limitation is absolute, irrespective of whether the idling engine creates an unreasonable noise or otherwise inconveniences any residents in the immediate neighborhood.

This court believes the ordinance must fall for the rea-

sons set forth by the Supreme Court of Ohio in the case of *Cincinnati* v. *Luckey,* 153 Ohio St. 247, the second paragraph of the syllabus of which reads as follows:

"An ordinance absolutely prohibiting a railroad company from blocking a city street by a train for a period of more than ten minutes irrespective of contingencies wholly beyond the company's control is arbitrary and unreasonable and hence invalid."

The provisions of the ordinance being arbitrary and unreasonable and, therefore, invalid, the judgment of the Municipal Court finding the defendant guilty must be reversed and the defendant discharged.

*Judgment reversed and defendant discharged.*

McLAUGHLIN, P. J., and GRAY, J., concur.

McLAUGHLIN, J., of the Fifth Appellate Disctrict, GRAY, J., of the Fourth Appellate District, and YOUNGER, J., of the Third Appellate District, sitting by designation in the Seventh Appellate District.